# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3576

_____

Marc Perkel,

        Appellant,

    v.

United States of America; United States
House of Representatives,

        Appellees.

\*
\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Western District of Missouri.
\*
\*     [UNPUBLISHED]
\*

_____

Submitted: December 7, 1998
Filed: December 28, 1998

_____

Before FAGG, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

    Marc Perkel appeals from the district court's[1] dismissal of his complaint seeking an injunction ordering the federal government to remove Independent Counsel Kenneth Starr's report (Starr Report) from government-controlled internet sites. Perkel alleged that the government's dissemination of the Starr Report was likely to affect the outcome of his candidacy for the United States House of Representatives. Perkel also

_____

[1]The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

alleged that the report contained inappropriate graphic descriptions of sexual encounters and secret grand jury testimony.

We conclude that Perkel does not have standing to sue for the removal of the Starr Report, because the alleged potential effect on his candidacy is not fairly traceable to the release of the Starr Report and is speculative.  See In re Starr, 152 F.3d 741, 749 (8th Cir. 1998) (plaintiff lacked standing because he could not prove injury suffered was fairly traceable to Starr's conduct); Johnson v. Missouri, 142 F.3d 1087, 1088-90 (8th Cir. 1998) (prisoners attempting to challenge Missouri statute allowing sanctions for frivolous lawsuits lacked standing, because timing and type of injury to prisoners could not yet be determined as prisoners had not been sanctioned).  Perkel has not otherwise alleged any injury beyond that suffered by a large class of citizens. See In re Starr, 152 F.3d at 748-49 (plaintiff could not prove alleged unethical conduct of Independent Counsel Starr distinctly and personally injured plaintiff).

Because Perkel lacked standing to bring the action in the district court, we lack jurisdiction to address the merits of his appeal.  See Steel Co. v. Citizens for a Better Env't, 118 S. Ct. 1003, 1020 (1998).  Accordingly, we dismiss this appeal.

Loken, Circuit Judge, concurring.

I agree that appellant Marc Perkel lacked standing to bring this action in the district court.  The district court improperly looked at the merits of Perkel's claim without initially addressing the issue of standing.  In these circumstances, as Steel Company v. Citizens for a Better Environment, 118 S. Ct. 1103 (1998), makes clear, we should modify the district court's judgment to dismiss the complaint for lack of standing, not dismiss the appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.